UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| PYRAMID INSTRUMENTATION & ELECTRIC CORPORATION AND PTW ENERGY SERVICES, INC. | CIVIL ACTION NO. 2:17-1358 |
| VERSUS | JUDGE SUMMERHAYS |
| DWAYNE KEVIN HEBERT, ERIC MORGAN, AND GALAXY NA, LLC | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (Doc. 33), wherein Defendant Dwayne Kevin Hebert ("Hebert") moves to dismiss Counts III and IV of Plaintiffs' Complaint. Hebert maintains that Plaintiffs have failed to state a claim under the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act. Hebert seeks dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

Hebert informs the Court that Counts III and IV asserted against Co-Defendants Erik Morgan and Galaxy NA, LLC ("Galaxy") were dismissed in a previously entered Judgment.[1] Hebert maintains that Counts III and IV should likewise be dismissed for the reasons set forth in the unopposed Report and Recommendation adopted by the Court.[2] Hebert further remarks that attempts were made for the parties to enter a joint stipulation that would dismiss the claims made

---

[1] Doc. 14.
[2] Doc. 13.

1

pursuant to the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act, however, consent could not be obtained from Galaxy because, upon information and belief, Galaxy is a defunct company without representation of counsel. As of this date, no opposition to the Motion to Dismiss has been filed, and the time for doing so has elapsed.[3]

## BACKGROUND

This lawsuit involves a dispute between an employer and its former employees who allegedly improperly competed against their employer while still employed.[4] The Complaint alleges that:

> a person using Hebert's Pyramid computer accessed and copied Pyramid's confidential and proprietary property, including among other things, Pyramid's quality assurance and quality control manuals created specifically for Pyramid's customers. Upon information and belief, that person was Hebert. Upon information and belief, Hebert provided Morgan and/or Galaxy with Pyramid's confidential and proprietary information, and Hebert, Morgan and/or Galaxy are now using Pyramid's confidential and proprietary information.[5]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Federal Rule of Civil Procedure 12(b)(6), which provides that a court

---

[3] See Notice of Motion Setting giving the parties 21 days from the date of the Notice (11/16/2018) to file a memorandum in opposition. Doc. 34.
[4] Doc. 1, pp. 1-8.
[5] Doc. 1, ¶ 20.

may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pleaded factual allegations as true and must view them in the light most favorable to the plaintiff.[6] Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted.[7] A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions or a "formulaic recitation of the elements of a cause of action."[8] However, even those facts which are extremely doubtful are to be assumed correct.[9]

## LAW AND ANALYSIS

In their Complaint, Plaintiffs raise claims for misappropriation of trade secrets under federal and state law.[10] Notably, the judge previously assigned to this case adopted the Magistrate Judge's Report and Recommendation and concluded that Defendants Erik Morgan and Galaxy carried their burden to show Plaintiffs had failed to adequately plead these claims because Plaintiffs failed to plead certain elements of same. Following a review of the Report and Recommendation, the Court

---

[6] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[8] Whitley v. Hanna, 726 F.3d 631, 638 (2009) (quoting Ashcroft, 556 U.S. at 678).
[9] Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).
[10] Doc. 1, pp. 10-12.

3

finds that Counts III and IV of the Complaint asserted against Hebert should be dismissed for the reasons provided in the Report and Recommendation.[11]

## CONCLUSION

For the reasons set forth in the Report and Recommendation previously adopted herein[12], the Motion to Dismiss[13] is GRANTED and Counts III (Misappropriation of Trade Secrets Under Federal Law) and IV (Misappropriation of Trade Secrets Under Louisiana Law) of Plaintiffs' Complaint as asserted against Defendant Hebert are DISMISSED WITH PREJUDICE.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 2nd day of January, 2019.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[11] Doc. 13, pp. 5-8.
[12] *Id.; see also* Doc. 14.
[13] Doc. 33.